In the Nursing Home Reform Act, Congress gave residents the right to be immediately readmitted to the first available bed when they've been hospitalized. To secure that right, Congress required states to provide residents with a fair hearing that comports with the standards that are established by CMS. The process that the state provides is not a fair hearing because the result is foreordained. If the resident loses the hearing, they're evicted. Or if the resident wins the hearing, as the appellants did in this case, they're also evicted. Kagan Well, they've been evicted before the hearing even starts, haven't they? Isn't that right? The hearing is like an appeal? Maybe I misunderstood that, but I thought they had already lost the bed by the time the hearing happened.  Michael Wilkening Well, they don't. Under the law, they're supposed to reserve the bed for seven days, and that's called the bed hold. Kagan But by the time the hearing has happened, isn't it past that? Michael Wilkening It's past that, but then there's a right in Section C2d3 of the statute that says you get readmitted to the first available bed immediately. And that's what the ---- Kagan So, if you're talking about an eviction of somebody who's in the nursing home, it could be that the same rules would apply. But I don't understand this to be about that exactly. Michael Wilkening Well, it is an eviction because what's happening is ---- Kagan I don't know what difference it makes. It's about readmission, right? It just, maybe it was a quibble with just your wording. I was just confused because I think the hearing happens after they're not in the nursing home already, right? Michael Wilkening These individuals were in the hospital, and they had a right to be readmitted, to return home. But they were effectively evicted and kicked out of their house because the facility would not take them back, and the state would not enforce the results of the hearings that they won. Kagan So, what is the remedy that you think the state is required to give? Michael Wilkening The remedy is that they have to enforce the results of these hearings. Otherwise the hearing is ---- Kagan So, it seems to me, just thinking about it, one way you could do that is if a nursing home has, say, three violations in these hearings, they revoke their license. Another is they could give them a fine. Another is they could order them to put the person back. Another is they could have a state court case where this is preclusive. There are lots of ways you could give effect to the hearing, and I'm confused about which one you think is necessary and how we know that it's not vague under blessing. Michael Wilkening Sure. So, for example, district courts issue orders, and they enforce their own orders, and people understand that you have to follow an order by the district court. There's not much of an enforcement proceeding at all, but people know that if you violate a district court order, you're going to incur a series of escalating consequences until you follow it. If ---- Kagan Can I just back up a minute? Are we at that point in this case? I mean, well, I mean, maybe we are in this vagueness notion, but the first question is whether there's an enforceable right, and the question is, under 1983, and the question is to what? To a fair hearing? I mean, I don't really understand exactly where the dispute is. I mean, the language about the hearing uses the word right in the statute, right? Your argument really is about what is a fair hearing. Does it include an enforcement mechanism of some kind? Correct. Does the result have to be meaningful? But the reason why the district court held that you weren't entitled to even get to that question is he said there was no right, and there's at least a right to a fair hearing. Absolutely correct, Your Honor. But if we ---- But so we ---- say we agree with you that the district court was wrong and there's a right to a hearing. You had a hearing and, in fact, won the hearing. And so it seems like the real dispute here is about whether you have a right to a specific enforcement mechanism, and I'm struggling to figure out where there's anything that's not vague, at least vague, about that in this statute and regulation, because I don't really see where it's spoken to. Well, there's two parts of that. One is that the idea of having a meaningful result is intrinsic to the idea of a fair hearing. It's not fair if my clients win and they still lose, right? They win and they lost all the property interests that the hearing is supposed to protect. I agree, but maybe that means you have to lobby the State, which I know you've tried to do. I mean, maybe that means there are lots of things that could happen, but how we as a court have a specific thing that we're supposed to order to happen, order the State to do a specific thing, I'm having trouble figuring out where I read what I'm supposed to do here. Well, so two parts to the answer, and this really goes back to your first question, Judge Friedland, is the enforcement, you don't have to specify. You have to use measure X, Y, Z. You just have to — it's a very objective thing. Are the orders actually being enforced by the State to the — Well, what exactly is the State's position? Is the State's position that these — the results of these hearings have no force? What is their position? Correct. They have divided the agencies responsible for the hearings. So they have one agency, Department of Health Care Services, that provides the hearing, and then they've taken the position that their jurisdiction ends after the hearing ends. And then they have a separate agency called the Department of Public Health, which is kind of the enforcement wing, and Department of Public Health has issued a memorandum, which we've attached to the complaint in this case. And the memorandum says, well, since we're not at the hearing, we're not going to be bound by anything that happened at the hearing, since we weren't involved in it in any way. And so the hearing means absolutely nothing. It's an advisory opinion that doesn't even get followed. What if you try to go to state court and hold up the result of the hearing and say, it's already been determined that we were kicked out wrongly, I want damages from the nursing home? Can you do that? I mean, it seems like you should be able to do that. Can you get preclusive effect from the hearing result and get money for every day you're not in the nursing home? Right. But so the real remedy that residents want are readmission. But presumably if the nursing home has to pay you for every day because you've got this thing and you're in court and you're going to get an order, they're going to give you a bed, right? Because they're not going to want to pay. There is no law that enables a resident to get damages under state law for every day that they're not readmitted the way the law works right now. They can get an injunction. The problem with the injunction is that if they appeal the injunction, would it will automatically stay the order requiring the person to be readmitted while they're in court. Okay. But this is where I want some precision about what is the State's position that this document isn't even worth that. That is, you can't go to court and say, I have the results of this hearing. Give me an injunction. I think the State's position is that you have to re-litigate the whole court, and that's a question of whether, in fact, you're entitled to this bed. And I believe that the State's position is that you can take your winning the hearing and go to state court and then try to use it to get an injunction. We But they won't help you. That's the problem. Or is it that they simply say this piece of paper is worth nothing because it is not, in our view, a binding determination as to your rights? Well, the right to be readmitted to the first available bed is worth nothing if you've got this piece of paper and you have to take it to state court. All right. And then in state court I guess I'll ask the State what their position is. Sure. But in state court, the remedy that you get is that you end up getting an appeal and you're years from getting readmitted. And if the goal of this statute is to make sure that people don't suffer the transfer trauma, they don't get separated from their families, many, one of my clients passed away while this appeal was pending, that's what happens if you don't have a mechanism like the one that Congress created, which is a fair hearing that is designed to get immediate readmission to the first available bed. So reading the regulation, it actually talks about corrective payments, but you didn't really talk about that. And I'm very confused why you didn't and what that provision is about and who is supposed to make those payments. Sure. So this regulation doubles. So it serves two purposes. One is under A3 of the Medicaid Act. So when people are having disputes over their reimbursement or payments, they use the same hearing process to get their payments. So, and this goes to the second part of your question, you know, what is the enforcement, where does that come from? E3 of the statute itself says that the State has to provide a hearing that is that complies with the guidelines established by the Secretary. The guidelines established by the Secretary says that the State has to readmit people as a result of these hearings and the State has to enforce it. That you have a right to readmission if appropriate. So I'm not quite sure what that means, but I don't think it's the State that has to readmit you because this is the confusion. This is why I find this so odd. It's the nursing home that has to readmit you, right? Well, it says that the hearing and the agency, that's who the regulation applies to, must provide for admission or readmission to an individual, of an hearing decision is favorable to the applicant or beneficiary. And then they have the letters, the repeated letters from CMS that it's sending to the State, and this is, one of them's at ER 348. It says CMS cannot advise CDPH, and that's the California Department of Public Health, or DHCS, Department of Healthcare Services, which department should enforce CDA or RTR decisions? They're just looking at 431.246. So it says the agency must promptly make corrective payments. So you're saying that doesn't apply here, that's about benefits. But that is something where it's the State would really make the payment. But then it says, skipping about the payment, it says, and if appropriate, provide for admission or readmission to a facility. But I guess I'm not quite sure what you want the State to do exactly because they're not the ones who are actually, they don't actually have the bed themselves. Right, but they've got an order just like a court. I mean, if you enforce that order, then the resident will get readmitted. If the State doesn't enforce the order, the resident's never going to get readmitted. So do you want the State to bring a lawsuit to revoke the license? I mean, what is the State supposed to do? The State has listed in their brief about seven or eight awesome enforcement powers that it has. It could use any one of them or all of them or use them in an escalating series of consequences like a district court would. It's once you tell people that these orders are going to be enforced and that they mean something, the resistance to following them is going to fall away. If you know at the end of the day, there's going to be some kind of painful consequence. So what do you think we as a court should write? And I mean, what are we going to quote to say exactly what we're telling the State they have to do? They have to enforce these orders. They have to- Just vaguely, you have to, I mean, so that's all we're supposed to say, you have to enforce these orders? You have to use the police powers that are listed in your brief and take all steps necessary to ensure that these orders, which are the only way these people are going to get back into their homes, are enforced. Otherwise, this whole ability to be readmitted to the first available vet is a dead letter. There's no other method that works. It is an untenable construction of a statute to say that you have to provide all this due process. You have to have an impartial decision maker, and the ability to present evidence, and the ability to be represented by counsel, if at the end of the day, the result means nothing. And that is the State's interpretation of the statute, and there's plenty of law in our briefs about how you do not construe statutes to frustrate their purpose. And in all of their briefing in here and below, you've never seen anything that explains why Congress would create an entirely meaningless process that's actually more detrimental to residents than it is helpful. You want to reserve any time? Yeah, I'd like to reserve the rest of my time. Okay, thank you. Thank you. Good afternoon. May it please the Court. Deputy Attorney General Hadara-Stanton, on behalf of the Secretary of the California Health and Human Services Agency. I would like to answer the Court's questions. Briefly, I will state that the State's position is not that this document is meaningless, nor is the hearing itself meaningless, as appellants have argued. But I do want to take a step back and talk about what is the question before the Court right now. The question is whether appellants have a private right of action to compel the ---- Well, not a private right of action, an action under Section 1983. Right. Well, appellants have neither a right, nor a right of action, nor a private right here to compel this Court to order the State to enact an enforcement mechanism that is not required under statute. Is your position that the right to have a fair hearing is an enforceable right under the statute? Absolutely. The right to have a fair hearing is enforceable under the statute. Under 1983. Under 1983, yes. If the statute that provides a private right to a hearing is Section 1396a. Okay. Which appellants didn't cite at all in their complaint. It is not the basis under which they assert a right here. My understanding of their argument is that the right to have a fair hearing, which is under a provision called rights, and as to which there is a provision in the statute that says that you're supposed to notify them of their right to appeal, is, in fact, an enforceable 1983 right. And the question is, what does it include? And their argument is that it includes a hearing, a fair hearing is one in which you do X, Y, and Z, and you get an enforceable, in some way enforceable, result. That's my understanding of their argument. And my understanding is that the district court sort of rejected it at Stage 1. They said there is simply no enforceable right to a hearing period. But you're not arguing that. I'm not arguing that. And I understand that's Your Honor's perception of their argument here. What I'm hearing from appellants today is very different from what I've heard. Well, fine. But here we are. Well, I think it's a very important point, and that is, what does it mean to compel the State to enforce the hearing decision? In Section H of the Federal Nursing Home Reform Acts, which appellants are very dismissive of, Congress was very specific about the enforcement mechanisms that the State agencies need to apply and that the Federal agency needs to apply to ensure that facilities comply. Now, it is undisputed that residents of nursing facilities have a right to have a hearing when they seek readmission to a facility from a hospital. That is undisputed. And each of the individual appellants had that hearing. Now, what appellants now are saying — The district court didn't agree, but we're putting that aside for now, is what I understand you to be saying. It's without dispute. Each of the individual appellants had a hearing. Right. But the district court thought that wasn't right. But we could just move on from that. I think is what everyone agrees at this point. Because the district court seemed to think there wasn't even a right to a hearing, that there's no enforceable right here at all. Well, that begs a very important question. The right to a hearing arises under 1396a, which appellants did not cite. Appellants rely on three statutes to contend that when read together, those create the right to a hearing and the right to enforce the hearing and the right, they allege, to compel the State to enforce the hearing. Now, our position is that that cobbling those statutes together is, by definition, not clear and unambiguous. So what do you think should happen with the result of these hearings? So the hearing decisions themselves are administrative hearings between the resident and the facility. The State is not a party. As the State — Isn't the State the decision-maker? So the Office of Administrative Hearings is part of the Department of Health Care Services. They provide the hearing officer. But the dispute is between the resident and the facility. Right. But then the hearing officer who's part of the State makes a decision, and in this case, ruled for the patient. So then what? What do you — what is your position about what's supposed to happen then? So our position about what's supposed to happen then, if the facility does not comply with that hearing decision, is there are a number of options. The resident, for example, can make a complaint to the Department of Public Health to investigate, to say, I have a hearing decision. The facility did not readmit me despite the hearing decision. But my understanding, at least of the allegation, and to some degree of your brief, that is that the State's understanding is that whatever route they take, this result is not a binding result. In other words, that the agency, for example, does not have to take the decision in this hearing and go forward with it. And it starts all over again. Is that not right? It is correct that the State's position — Right. So why don't they at least have the right for the State, as part of a fair hearing, for the State to take the result of that hearing as a conclusive determination for whatever other remedies exist? It could, for sure. Here, however — But you're saying you don't. Well, on the record here, appellants concede they did not take any of those avenues. I understand that. But I'm asking you, what is the State's position? Is the State's position that this is a binding result for the State, for the purpose of deciding, even if the State has discretion, whether to enforce something or not? Is this at least a piece of paper that you don't start all over again and say, well, we don't think — in fact, we've now looked into it, and we disagree with the result of this fair hearing? And my understanding of the State's position is it's — this piece of paper is not worth anything. Is that wrong? That is wrong, Your Honor. All right. Why is it wrong? The State's position is that it is a worthwhile hearing. It is the necessary implement before a final next step happens. All right. But it's the State bound by the result of it. The State is not a party to it. I understand that. But it's — So the State can't be bound by the result of — So your answer is no. That the fair hearing that's in the statute is not binding on — the result of it is not binding on the State, for purposes of the State's determination whether and how to enforce it. The State's job here under the Department of Public Health is to investigate if a facility does not comply with the law. The State's enforcement powers are delineated by Congress in the statute. The State has additional enforcement powers under California law. So the State, if there is a dispute as to that piece of paper that Your Honor is referring to, there are many options. The party can take it as it may with any administrative hearing. Then it can take a writ of administrative mandate to a superior court. Here, however, California has expressly created a private right of action in State court that, as Your Honor asked earlier, permits the resident to go to State court to compel immediate reinforcement in monetary damages and attorneys' fees. And is this enforced based on the result in this hearing? If the — yes. Yes. But based on the result of the hearing, there is not a mechanism for the State, for any State agency, to take that piece of paper, the administrative hearing document, and go to court to enforce it. Now, what I hear — But the State court — I mean, so is your position that the State court is part of the State, and that's your enforcement mechanism, is that you're supposed to take this piece of paper to State court? So what we push back on in this lawsuit, in this litigation, the appellants have consistently contended that the remedy they seek, the right they allege was violated, was that the State does not enforce the hearing decision. That is correct. The State does not enforce the hearing decision in the sense that the State neither — no State entity makes admission or readmission determinations, nor does the — is the State required to take that piece of paper to court and enforce it. But the State does have enforcement mechanisms. Absolutely. And what I'm trying to hone in on is, for the purpose of deciding whether and how to use those enforcement mechanisms, is the State bound by the result of this hearing, whatever the enforcement mechanism is? Well, the State would take, if it's a complaint that the facility is violating the law, and I would point out that on the record, it is not clear that every time a facility does not readmit, despite a readmission order, it is not clear that failure to readmit would constitute a violation. But the State is bound by that determination. If a complaint is made by a resident to the department, the department will investigate, pursuant to its authority. De Novo, not taking this hearing into a — not taking the result of the hearing into account? Well, the complaint would be, I have a fair hearing that says the facility needs to readmit me, and the facility has not readmitted me. Right. And my understanding of your position, and you can tell me if it's wrong, is that at that point, the State doesn't say, all right, we're going to now look into whether this is a feasible thing to enforce, or whether we have the resources or something else, but we're going to start from scratch and decide whether, in fact, there actually was a violation. Is that the truth or not? Well, the State of — I think I would push back on the statement, starts from scratch. In other words, there is the decision, but the department has to investigate broader. The readmission hearing is a very narrow hearing that addresses perhaps an issue as to notice. Did the facility provide the individual with notices to the bedhold? The hearing officer confines, no. The facility did not provide the notice. Therefore, the resident must be readmitted. But so in the subsequent thing that's asking whether this facility is violating the law, don't you have to say that if they already were determined that they didn't give the notice, they had to give by law, that they violated the law on that point? On that point. And the citations could be issued and fines could be issued, and there are multiple enforcement mechanisms. However — But so I think they're alleging that, or maybe there's an — maybe one of the understandings of your position is, no, we start from scratch figuring out whether they gave the notice properly. Would that be what you do? You start again to try to figure out whether there was a violation? Well, what I would like to say is the hearing decision may be — Could you say yes or no? So the appeal body says they didn't get the notice that was required by law. Now someone comes and says, I'd like you to enforce against this nursing home that's violating the law. Do you take for granted that they have this violation of the law because they didn't give the notice, or do you start again? As the — I think you can take it for granted. But what I wanted to say — in other words, you can take the hearing decision as a final administrative hearing. That is the type of final administrative decision that — That's wrong. We actually did give a notice. Do you then re-litigate — reconsider the whole thing? Well, that would — I think you need to say yes, because I think that's what you've been saying all along. Well, but — what I'm trying to say is that there may be reasons that a facility might not readmit. Despite that hearing decision, that would — Well, I understand that, but there's a difference between there might be other — well, first of all, if there was an order that they should be readmit because they did something wrong, I don't know why — if you then start all over again, even on different issues, then you're not taking the decision as final. But even as to the issue that was decided, do you take that as a final decision, or do you reconsider that? It would be a final administrative decision, but the State is not a party. However, the issue — Oh, you're not bound by it. That's what you're saying. I — I just want a yes or no. Are you bound by the result of this hearing? The State is not bound by it. The State is not a party. You're not bound by it. Okay. So if they said they didn't give notice and that violated the law, the State doesn't have to make — give that any meaning, because they weren't a party. No. So this — so the complaint could be made. They could have — they could be bound by that. If the facility's failure to give notice and failure to readmit constitutes a violation, the department is charged — is vested with a number of enforcement mechanisms. But they can also say, you know what, we've looked at it again, and we think the notice was fine. No, it cannot. However, it can say, we've looked at it again, and we see that, for example, with one of the individuals in the record, that this person has a restraining order against them from another resident in that facility, and therefore, they cannot be readmitted to that facility. So the issue under its investigative authority is broader than simply — So I think you're saying that you're not bound to give the remedy, the particular remedy, but I — I hope you're not saying that you're not bound by the finding that there was a legal violation in the first place. That doesn't mean there's necessarily a remedy. But I think — I hope the State takes for granted that there is a violation once the hearing says there's a violation. Correct. But that's — But excuse me. You then said to me, no, you're not bound because you weren't a party. Well, I think — can we — could clarify for me, please, what you mean by bound by — Bound meaning you're not going to reconsider the finding. The State will not. The finding will be taken as a given, no matter what else you do. Well, yes. However, either party is free, then, to take a writ. So, for example, in the record, there's evidence that the facility took a writ. But if somebody comes to you and says, I have a complaint, and I had a hearing about it, and the hearing said — let's say it was on the question of whether — they didn't let me come back in because they said I had beaten somebody up. But in fact, I hadn't. And the finding of the hearing was that I hadn't and that I should be let back in. Can the State now say, well, we're not bound by that because we weren't a party, and we're now looking into it, and we think you did beat the person up? I'm sorry. What is the — So, yes. Is your position that the State now can — can reject the conclusion that he didn't beat the person up, and he should be let back in, and conclude that, in fact, he did beat the person up, and he shouldn't be let back in? I — What is the problem? I think you're saying you have to take the part that he didn't beat them up, but not the part that you have to be let back in. Is that right? I think I'm having trouble understanding at what point — There has been a fair hearing — Correct. — with the nursing home. The nursing home says, we didn't let this person in because he assaults people. There's a several-day hearing, a 10-page ruling, and the conclusion of the administrative law judge is that he doesn't assault people, and they — and he should be let back in. Now what? Now he goes to the State, and he says, here, go enforce this order. Now, you agree that you have the authority to enforce the order. We do not have the authority to enforce the order. We have the authority to issue citations against facilities for violations. All right. You have the authority to enforce — to — to prevent violations. Okay? Now, if he has this piece of paper saying, I — I don't assault people, is the State going to start over again? And if the agency comes in and says, well, you shouldn't fine us because we — he does assault people? Well, the issue — no, the State wouldn't be a party unless a complaint is made to the Department of Public Health. The individual — A complaint is made to the — to the department. Okay. And he says, here's the result of this hearing. They say I assault people, but the hearing found that I don't assault people. Now what? And so, therefore, I should — you should enforce — you should fine the — you should do something or other, whatever it is you are empowered to do, to enforce my right to get back into this place. So the — the State — I wouldn't be able to speak to that, and none of those facts are here. But the State has the power to enforce — to enforce violations. So if a facility — Okay. But does the State reconsider whether there was a violation? That's what I'm trying to find out. I don't believe so. I believe that is a final administrative hearing subject only to superior court review or to the individual taking — So the State's not going to say, we weren't parties to that hearing, and it doesn't bind us? No. It's a final administrative — I just think I've gotten contradictory answers to that key question throughout this argument. I apologize, Your Honor. It — All right. But the answer is no. You — you would take as final any findings that were made in this hearing? Correct. Now, whether that results in this — in the Department of Public Health issuing a citation or a fine or a penalty assessment, that is — that is not set forth. And I think that's the crux of the issue here. Appellants have argued that the State must take that piece of paper and go to court or otherwise physically enforce it. And that State's position is that cannot be our role. That is not what Congress intended. That is not the way the State statute has been drafted. And there are multiple remedies, and we cannot be bound by this notion that the only way this hearing is meaningful is if the State then enforces the hearing decision. That's not how the administrative hearing process works at the State level at all. But they say that there are all these people getting kicked out of nursing homes wrongly, getting hearing results that say they were kicked out wrongly, and the State does nothing about it, and so there's this huge problem across the State. Do you deny that it's a huge problem across the State, that this is going on? I do, Your Honor. And — but I believe that may be beyond the scope of the record here. However, the necessary — So what is the State doing to make sure that that's not going on across the State? So the State is — it does surveys, as it's required to under the Federal Nursing Home Reform Act. It conducts surveys of facilities. It investigates complaints. It issues citations. It issues fines. It can withhold payments. It has numerous remedies when it finds facilities not to be in compliance. Here, however, appellants affirmatively concede that they did not avail themselves of any of those mechanisms. They — their claim to — their claim to a violation is that the State did not enforce their hearing decision. Therefore, they have a right to be in this Court to compel this Court to order the enforcing the hearing decision is not what Congress intended in the statute. Congress, in Subsection H, was very specific about the enforcement remedies that the State could use. Meaningless hearing is not the definition that's used in the statute. Can I ask a question? This is a procedural question about this case. The district court didn't decide any of this. Sorry? The district court did not decide any of this. It didn't decide anything but the merits of this issue, because he said you have no right to be in court, period. Correct. We all seem to think that's wrong, i.e., the question of what — of whether there is anything in the right to a fair hearing that would lead to some enforcement mechanism is a merits issue and it hasn't been decided. Is that right? I don't believe so, Your Honor. Why not? Because the right to a fair hearing is actually not in dispute. Appellants concede they had a hearing, and the statute that provides them with a right to a fair hearing is not the statute upon which they rely. I would argue — My understanding is that it is. I — what do they rely on? So they rely on, under the Federal Nursing Home Reform Act, there are two separate statutes, 1395R is what we rely on for shorthand. They rely on subsection C, subsection E, and subsection F. Subsection C, arguably, is the one they're relying on to claim a right to a fair hearing, although I would say that is the right that — that subsection C provides the requirements and responsibilities for the facility. Whether or not an individual has a private right of action against a facility 1983 action. Right. Oh, against a facility. I'm sorry. Against a facility. For example, as it was in Grammar, where that was a county-run facility. They brought a 1983 action. In that case, the — whether or not they have a private — they have a private right to enforce that against a facility is not at issue here. The Court need not decide that. Subsection E is the provision that — in which Congress delineated the requirements for the State, and it — with respect to these facilities. And it includes that the State must provide a mechanism for a hearing on appeals that meets the guidelines established by the Federal agency. Now, it's undisputed that California's fair hearing process meets the guidelines established by the agency. CMS has approved California's State plan. Appellants do not dispute that. Subsection F is the final section upon which they rely. That's the statute that imposes responsibilities on the Federal agency to establish those guidelines. There's no dispute here as to whether or not the Federal agency has established those guidelines. It has. California has complied with those guidelines. CMS has approved it. So under the provisions that they have cobbled together, neither individually nor together do they establish this right for facility — for residents of facilities to compel the State to enact an additional enforcement mechanism, one that is not set forth in Subsection H, which is where Congress expressly delineated all the processes and mechanisms for enforcement. What appellants have argued consistently in their complaint and in the district court is that the only way these hearings can be meaningful is if the State, quote, enforces the hearing decision. It's not clear what that means. However, there's no dispute that California appropriately provides all of — applies all of the enforcement mechanisms at its disposal, and that it would do so had appellants availed themselves either of the remedies by contacting the State agencies or individually going into court as they're permitted to do under State law. So from our position, the — One of the CFR provisions talks corrective action. The agency must promptly make corrective payments retroactive to the date an incorrect action was taken, and if appropriate, provide for admission or readmission to an individual in a facility if, A, the hearing decision is favorable to the applicant or beneficiary. What about that? So three responses to that, Your Honor. First is that the — as Your Honor identified in the questioning, this requires retroactive payments for the State to make. That's not dispute here. If appropriate, again, we reiterate the State — no State agency makes admissions or readmission determinations. Moreover — But wait a minute. I gather from the way you describe the State's policy, it is debatable here, because it says if the hearing decision is favorable to the applicant or beneficiary, and they come in and they say, we want our corrective payments, you say not necessarily. Well, the payments aren't at issue in this case, right? In this — right. In this lawsuit. The payment — and that goes to a whole other realm that's not at issue here regarding retroactive payments to be made by the State agency. This — I believe this regulation would clarify that, were that to be at issue, but it's not here. But I do think, in addition, California, as policy, has made it — has provided for readmission. That's set forth in Health and Safety Code Section 1599.1. Moreover, as to this regulation, there is no individual right in this language here. The focus here is on the administration of the programs. And under Save Our Valley, there would be no private right to enforce this regulation. Further supporting that notion is the fact that this regulation appears in the section of the CFR that pertains to procedures, not rights to hearings. Okay. So you think that this regulation is not enforceable? Correct. Correct. Nor does it say what appellants have contended it says. You're way out of time. I know. Thank you very much. Thank you. You're very helpful. The provision in Section E3 of the Medicaid Act is that this is a hearing for, quote, for hearing appeals on transfers and discharges of residents of such facilities. What provision are you talking about exactly? Pardon me? What — give me a subsection. Okay. This is subsection E3, 1396R, subsection E3. Okay. Go ahead. And it says the State — I'll read the whole thing. The State, for transfers and discharges from nursing facilities affected on or after October 1, 1989, must provide for a fair mechanism meeting the guidelines established under section — subsection F3 of this section for hearing appeals on transfers and discharges of residents of such facilities. And then there's a semicolon, and I won't finish reading it. But the point is that this is a hearing on transfers and discharges. These people are being discharged by being dumped into hospitals. And — and they come out of it with an order that says that they must be readmitted. And the State has taken the position, and they took the position just now, that that is not binding. And this is the only mechanism that Congress — Well, I understand their position is it's binding us between the nursing home and the — and the individual. And it's binding as to — on the State as to anything that's actually decided by it, you know, sort of initial preclusion. Right. And it says that the resident must be readmitted at the end of each of these three orders. You can — the factual findings don't do you any good unless the State is going to enforce the part about must be readmitted. So which provision of the statute are you enforcing here? I mean, there seems to be a just debate about that. Yeah. I don't know why there's a debate about it. This is the provision that — This is the provision. But this provision, it seems to me, does have — I mean, given the rigidity of Doe v. Gonzaga and so on, where is the individual right in this provision? Well, it says of residents. And I think that — Well, residents is generic. It's not a — I mean, the magic words seem to be either individuals or rights or, you know, person. There seems to be some fixation with actual focus on individuals. Sure. And I will — I mean, the ones that are not clearer, a lot clearer, are it's the right to have the hearing in the first place, so — which does talk in terms of rights directly at individuals. Right. And in Section C, which is a section called Resident Rights, where Congress enumerates the rights that it's creating under this Act, there's a section called Resident Rights Act. Right. Subpart B-3 says it talks about the notice that facilities are required to issue. Right. So that's why I'm trying — but you now tell me that's not what you're relying on. She says that's not what you're relying on. You say you're relying on this E-3. Well, E-3 is the part of the statute that requires States to establish the hearing. This B-3 part of it is the one that says that for transfers and discharges affected on or after October 1, 1989, notice of the resident's right to appeal the transfer or discharge under the State process established under E-3 of this section. Right. Well, if I were you, I'd rely on that. But the question is, how does that get you to the enforcement question? Right. This is the right question, and the enforcement part comes from E-3. And counsel mentioned Save Our Valley. This is a different kind of regulation that we have that we're relying on here for two reasons. The first reason is that if you look at the statute itself and you cross-reference to F-3, it's talking about the Secretary establishing regulations that the State has to meet as part of the statute. So it's a different situation than a regulation trying to create a right that is — I understand. All right. Your time is up. Thank you very much to both of you. This is complicated and interesting. Anderson v. Wilkening is submitted. And we will go to the last case of the day, Liguori v. Hansen.
judges: Berzon, Friedland, Cardone